UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DENISE BROWN,<br>     Plaintiff,<br><br>v.<br><br>UNIVERSITY OF TEXAS MEDICAL BRANCH,<br>     Defendant. | § § § § § § § § § | CAUSE NO. _____<br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT

DENISE BROWN, Plaintiff, complains of Defendant, UNIVERSITY OF TEXAS MEDICAL BRANCH, Defendant, and would show the following to this Honorable Court:

### I. PARTIES

1. Plaintiff, DENISE BROWN (hereafter "Ms. Brown" or "Plaintiff"), is an individual residing in Galveston County, Texas and can be reached through her attorneys of record.

2. Defendant, UNIVERSITY OF TEXAS MEDICAL BRANCH (hereafter "UTMB" or "Defendant"), is a Texas corporation, is a part of the University of Texas system, and is therefore an arm of the State of Texas. UTMB is located in Galveston County, Texas.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all or substantial part of the events complained of herein occurred in this district.

### III. PROCEDURAL REQUIREMENTS

5. On March 24, 2022, Ms. Brown filed a Charge of Discrimination under the Texas Labor Code with the Equal Employment Opportunity Commission and the Texas Workforce Commission's Civil Rights Division. In this charge, Ms. Brown asserted discrimination based on disability.

6. On February 21, 2023, Plaintiff first received her Notice of Right to Sue from the Equal Employment Opportunity Commission.

7. All of Plaintiff's conditions precedent to filing suit have been met.

### IV. FACTS

8. Ms. Brown worked for UTMB for thirteen years as a registered nurse. During that time, UTMB routinely granted Ms. Brown medical exemptions from its annual flu vaccination policy due to her documented medical condition, namely, a severe reaction to an unknown component of the flu vaccine that occurred in l986. It is well documented that people with such a history should not receive any of the Covid-19 vaccines. Ms. Brown also had a prior Covid-19 infection in July of 2021. At no time during the Covid pandemic period was Ms. Brown working in a patient-facing role. She worked in an office building that was separate and miles away from any patient care facility operated by Defendant.

9. On November 12, 2021, Ms. Brown requested a medical exemption from UTMB's mandatory Covtd-19 vaccination policy.

10. On November 19, 2021, UTMB denied Ms. Brown's exemption request. UTMB ordered her to comply with the Covid shot mandate by January 4, 2022.

11. On December I, 2021, UTMB advised Ms. Brown that the then-current CMS litigation put UTMB's mandate on hold until further notice and that she could continue working until further notice, even if her emption request were to be denied.

12. On February 8, 2022, Ms. Brown submitted a letter from her allergist, Dr. Moore, to the ADA office at UTMB, who forwarded the letter to UTMB's mandate committee.

13. On February 18, 2022, Ms. Brown received notice that she was granted a "temporary extension period" effective January 13, 2022 to March 2, 2022 to allow her to submit additional documentation of her medical condition from her allergist.

14. On March 8, 2022, Ms. Brown received an email stating that, upon further review of the additional information presented, her request for a medical exemption from UTMB's mandatory Covid-19 vaccination policy due to her underlying medical disability was *denied*.

15. On April 19, 2022, UTMB fired Ms. Brown for failing to comply with UTMB's mandatory vaccine policy.

## V. CAUSE OF ACTION
### Disability Discrimination

16. Plaintiff asserts claims against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. Section 12112 (the "ADA"). Where appropriate, Plaintiff's claims should be understood as pleaded in the alternative.

17. Plaintiff's claims incorporate the facts alleged in this pleading. Based on the facts alleged, Plaintiff was an employee within the meaning of the ADA.

18. Defendant is liable under 42 U.S.C. Section 12112. Specifically, Defendant is liable for discriminating against Plaintiff based on Plaintiff's disability – her inability to receive the Covid-19 vaccine.

19. Plaintiff has informed Defendant of the disability that prevented her from accepting the mandated Covid-19 vaccine into her body, and requested to be exempt from Defendant's mandatory policy requiring her to be vaccinated for that disease.

20. Defendant denied Plaintiff's request for a medical exemption without engaging in the "interactive process" demanded by the EEOC.

21. Defendant denied Plaintiff's request for a medical exemption without making a determination that Ms. Brown's continued employment would pose a "direct threat" to the health or safety of Ms. Brown or others while performing her job. In that connection, Defendant failed to determine if there is a significant risk of substantial harm and, if so, whether a reasonable accommodation would reduce or eliminate that threat.

22. Defendant failed to offer reasonable accommodation to Plaintiff. Instead, it summarily placed Plaintiff on unpaid leave and then terminated her.

23. Defendant denied Plaintiff's request for an accommodation due to her medical disability in bad faith, with recklessness and with conscious disregard of Plaintiff's rights under the ADA, entitling Plaintiff to punitive damages.

24. Plaintiff had a disability that conflicted with an employment requirement. Defendant was informed of that disability, and Plaintiff was discharged for failing to comply with Defendant's vaccination requirement, all to Plaintiff's damage in an amount in excess of the jurisdictional limits of this Court, for which Plaintiff hereby sues.

## VI. DAMAGES

**A.   Compensatory Damages**

25. By terminating Plaintiff, Defendant caused Plaintiff to incur compensatory damages in an amount in excess of the jurisdictional limits of this Court. Plaintiff has suffered lost wages, loss of earnings capacity, lost benefits, lost future earnings, mental anguish, inconvenience, and loss of enjoyment of life as a direct result of Defendant's unlawful actions against her.  Plaintiff

suffered these injuries as the result of Defendant's actions in the past and in all reasonable probability will continue to suffer these injuries in the future.

**B.     Punitive Damages**

26.  Because Defendant's conduct in terminating Plaintiff was grossly negligent and/or malicious, punitive/exemplary damages are authorized.

## VII. ATTORNEYS FEES

27.  Plaintiff requests this Court award her reasonable and necessary attorney fees and costs.  Plaintiff has retained Woodfill Law Firm, PC, to represent her in this action and has agreed to pay reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

28.  Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff, DENISE BROWN, respectfully requests that the Court cite Defendant, UNIVERSITY OF TEXAS MEDICAL BRANCH, to appear and answer herein, that the Court, after final trial hereof, order Defendant to compensate Plaintiff for her damages, and such other and further relief, at law and at equity, to which Plaintiff may show herself entitled.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared R. Woodfill*
Jared R. Woodfill
Texas Bar Number 00788715
Raven A. Radley-Van Neenen
Texas Bar Number 24121933
Email: woodfillservice@gmail.com (service only)
Email: jwoodfill@woodfilllaw.com (non-service only)
3 Riverway, Suite 750
Houston, Texas 77056
(713) 751-3080 Telephone
(713) 751-3058 Facsimile
*Attorneys for Plaintiff*