United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1835 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Denise Brown sued the University of Texas Medical Branch ("UTMB") for employment discrimination. (Docket Entry No. 1). Brown was a registered nurse working at the University of Texas Medical Branch when the COVID-19 pandemic began. UTMB required staff, including nurses, to receive the vaccine. Brown requested a medical exemption on the ground that almost 35 years earlier, in 1986, she had an allergic reaction to a flu vaccine. (Docket Entry No. 27 at ¶ 6). UTMB denied the exemption and gave her more than a month to comply. (*Id.* at ¶ 17). She provided a note from an allergist to support her exemption request, still based only on the 1986 reaction to a flu vaccination. UTMB continued to deny Brown the exemption, and she continued to refuse to get vaccinated. In April 2022, UTMB fired her. (*Id.* at ¶ 25).

Brown filed a charge of discrimination with the EEOC on March 24, 2022, claiming discrimination on the basis of a disability by denying her request for a medical exemption based on the prior allergic reaction. (*Id.* at ¶ 24). On December 16, 2022, Brown received an EEOC right

to sue letter. (*Id.* at ¶ 26).  She filed this suit on May 18, 2023, almost 150 days later and after the deadline of 90 days from receipt of the EEOC notice. (Docket Entry No. 1).

UTMB moves to dismiss on the basis that the suit is untimely and that Brown has stated no plausible claim. (Docket Entry No. 32). Brown has not responded. Based on the motion, pleadings, and law, the court grants UTMB's motion to dismiss with prejudice. The reasons are set out below.

I.      **The Legal Standard for Dismissal**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.     Analysis**

UTMB moves to dismiss because Brown's suit is untimely and because Brown has failed to plead any basis for a disability that was the basis for her termination. The court agrees with both bases.

First, Brown failed to file within 90 days of receiving the right to sue letter. A plaintiff filing a disability-discrimination claim under the ADA must file their suit within 90 days of receiving their right-to-sue letter from the EEOC, or the suit is untimely. 42 U.S.C. § 2000e-5; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (per curiam). If an ADA-discrimination lawsuit is filed even one day too late, it is subject to dismissal. *See Garcia v. Penske Logistics*, L.L.C., 631 F. App'x 204, 207–08 (5th Cir. 2015) (per curiam) (under the ADA, a plaintiff "must file her civil suit within ninety days of receipt of a right-to-sue-letter" (emphasis

3

omitted)); *Dade v. Sw. Bell Telephone*, 942 F. Supp. 312, 317 (S.D. Tex. 1996) ("As in Title VII cases, Plaintiff *must* file her complaint within 90 days of receiving the right-to-sue letter, or suit will be untimely"). Courts regularly enforce this time deadline. *See January v. Tex. Dept of Criminal Justice*, 760 F. App'x 296, 299 (5th Cir. 2019). Brown has not raised any reason why her time period should have been tolled, nor does the court find any reason in her complaint. Brown's delay in filing of 60 days after the deadline is a sufficient basis for dismissal of this case with prejudice.

Second, Brown's decades old allergic reaction to a flu vaccine does not amount to a disability under the ADA. "An individual has a disability under the [ADA] if he or she (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment, or (3) is regarded as having such impairment." *Atkins v. Salazar*, 677 F.3d 667, 675 (5th Cir. 2011) (internal quotations omitted). Brown has not shown that this isolated one-time allergic reaction in any way substantially limited her from working, and instead raised hypothetical scenarios in which she might have experienced "a fever lasting one week" following the vaccine. (Docket Entry No. 27 at ¶¶ 14–15). Indeed, she has been working for decades as a registered nurse and does not allege and impairment during that time.

The facts are similar to *Hustvet v. Alina Health Sys.*, 910 F. 3d 399 (8th Cir. 2018), in which the court considered whether a plaintiff who requested exemption from the measles, mumps, and rubella vaccines on the basis of allergies from an "immune system disability" had a disability under the ADA. The court found "insufficient evidence in the record to support the conclusion that [plaintiff's] chemical sensitivities or allergies substantially or materially limit her ability to perform major life activities" because she had "never been hospitalized due to an allergic or chemical reaction, never seen an allergy specialist, and never been prescribed an EpiPen." *Id.* at

4

411. She had also never "sought any significant medical attention when experiencing a chemical sensitivity, taken prescription medication because of a serious reaction, or had to leave work early because of a reaction." *Id.* Similarly, here Brown has not pleaded facts that show she had to receive significant medical attention or hospitalization as a result of her allergies, or that those allergies interfered with her work in any way.

Brown's claims are time-barred and meritless. They are dismissed, with prejudice. Final judgment is separately entered.

SIGNED on February 12, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge